IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | C.R. NO. C-08-890 |
| | § | |
| EDUARDO MOLINA | § | |

## ORDER GRANTING MOTION FOR DEPOSITION OF MATERIAL WITNESS

Defendant Eduardo Molina is indicted for "knowingly and in reckless disregard of the fact that [the material witness] was an alien who had come to, entered, and remained in the United States in violation of law, transport and move such alien within the United States in furtherance of such violation of law by means of a motor vehicle." (D.E. 24). Pending is an amended motion by the material witness seeking a deposition to be set. (D.E. 34). The Government has filed an opposition to such a deposition. (D.E. 31). On January 9, 2009, a status conference was held addressing the question of whether a deposition of the material witness should be conducted.

### BACKGROUND

On December 8, 2008, the material witness was arrested and detained. (D.E. 1, at 2). He was originally arrested and charged with illegally entering the United States in violation of 18 U.S.C. § 1325. During the interview by Border Patrol agents, the material witness was emotional and started crying. Id. at 3.

At a hearing, the Government informed the Court that it was withdrawing criminal charges against the material witness and instead designating him as a material witness. (D.E. 34, at 1). Consequently, Magistrate Judge B. Janice Ellington set his bond at $10,000 cash or surety. (D.E. 19).

At the January 9, 2009 status conference, the attorney for the Government indicated that the material witness was emotional and prone to crying. Counsel for the material witness confirmed that he was emotional and often cried during interviews with the agents. She further explained that his version of events had been consistent throughout various interviews with the agents and that he was upset because the agents indicated to him that he was not being fully candid or honest about the events at issue in this prosecution.

At the status conference, defense counsel indicated that his client was not requesting the deposition. Nonetheless, defendant does not oppose the motion and would be willing to participate in any deposition. At the time of the hearing, defendant intended to proceed to trial.

## DISCUSSION

The Government acknowledges that "Section 3144 of Title 18 states that 'No material witness may be detained because of an inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition and if further detention is not necessary to prevent a failure of justice.'" (D.E. 31, at 2). Congress has directly addressed the taking and use of a deposition of material witnesses in alien smuggling cases:

> Notwithstanding any provision of the Federal Rules of Evidence, the videotaped (or otherwise audiovisually preserved) deposition of a witness to a violation of subsection (a) of this section who has been deported or otherwise expelled from the United States, or is otherwise unable to testify, may be admitted into evidence in an action brought for that violation if the witness was available for cross examination and the deposition otherwise complies with the Federal Rules of Evidence.

8 U.S.C. § 1324(d). The Fifth Circuit has upheld constitutional challenges to subsection (d). United States v. Aguilar-Tamayo, 300 F.3d 562, 564-65 (5th Cir. 2002); accord United States v. Calderon-Lopez, 268 Fed. Appx. 279, 288-89 (5th Cir. 2008) (unpublished).

Contrary to the Government's assertions, an order scheduling a deposition does not dictate that the material witness will then automatically be released.  See United States v. Lai Fa Chen, 214 F.R.D. 578, 582 (N.D. Cal. 2003) ("Although Rule 15(a) [of the Federal Rules of Criminal Procedure] in conjunction with 18 U.S.C. § 3144 evinces a strong policy that material witnesses should be released from detention after the completion of criminal depositions, a court need not contemporaneously order automatic and immediate release.").  Instead, it simply complies with the statutory requirements Congress established in § 3144.  Interpreting a local rule of the Western District of Texas, the Fifth Circuit concluded that § 3144 requires a deposition as an initial step to continued holding of material witnesses.  See United States v. Allie, 978 F.2d 1401, 1405 (5th Cir. 1992); see also Torres-Ruiz v. U.S. Dist. Court for the S. Dist. of Cal., 120 F.3d 933, 935-36 (9th Cir. 1997) (per curiam) (material witnesses were entitled to have their depositions taken).  The Fifth Circuit has explained that continued detention of material witnesses is not favored:

> A material witness may not be detained, however, if a deposition would suffice as an adequate alternative to the witness' live testimony at the proceeding.  That means, of course, that the deposition testimony must be admissible notwithstanding any objections by the parties (the government or the criminal defendant).  If the deposition would prove admissible over any objection under the Confrontation Clause of the United States Constitution or the Federal Rules of Evidence, then the material witness must be deposed rather than detained.

Aguilar-Ayala v. Ruiz, 973 F.2d 411, 413 (5th Cir. 1992); see also Aguilar-Tamayo, 300 F.3d at 565 (statutory scheme encourages the release of material witnesses in alien smuggling cases). This Court has issued a standing order ruling "that a deposition shall be ordered absent conclusive proof that the release of the material witness would result in a failure of justice."

3

Aguilar-Ayala, 973 F.2d at 415 (quoting a July 15, 1988 standing order governing the handling of material witnesses in this Court's Brownsville Division).  The Government offers no such conclusive proof.  The potential violation of a defendant's confrontation clause right is not sufficient to deny the taking of a deposition.  See United States v. Drogoul, 1 F.3d 1546, 1554-55 (11th Cir. 1993).

In Aguilar-Ayala, the Fifth Circuit explained that the Government is less likely to have a legitimate failure of justice claim:

> [A] "failure of justice" is more likely to ensue when the criminal defendant, as opposed to the government, is denied the guarantee of having the witness present at trial.  It would be the rare case, indeed, in which *the government* could establish the inadequacy of the deposition procedure and hence the potentiality of a "failure of justice."  After all, the criminal defendant, not the government, has a *constitutional* right to confrontation.  The government, to be sure, only objects to the deposition procedure on account of the risk that the deposition testimony will not be admitted over the defendant's Confrontation Clause objection.

973 F.2d at 419 (italics in original).  Moreover, the court downplayed the right of the Government to object to the deposition of a material witness:

> [U]ndocumented aliens have an overriding liberty interest in not being detained as material witnesses, when the deposition procedure serves as an adequate alternative to prolonged detention.  When a witness has been detained solely at the insistence of *the government,* we can conceive of comparably few instances in which *the government's* preference for live testimony over deposition testimony would outweigh the witness' right to be free from continued detention.

Id. at 419-20 (italics in original); see also Torres-Ruiz, 120 F.3d at 936 ("The continued detention of these material witnesses, whose testimony could be adequately preserved by videotaped deposition and whose families are suffering extreme hardship as a result of

4

petitioners' continued detention, is an exceptional circumstance justifying the extraordinary remedy of mandamus."). The Government must consider the rights of the material witness: "The United States Attorney had a dual responsibility in this case. It was his duty to consider the rights of the witnesses, as well as the right of the appellant...." United States v. Rivera, 859 F.2d 1204, 1207 (4th Cir. 1988) (citing United States v. Valenzuela-Bernal, 458 U.S. 858, 864 (1982))

As the Fifth Circuit has noted, "the government can 'parole' the alien-witness into the community (rather than deport him) so that he will remain within the reach of judicial process." Aguilar-Ayala, 973 F.3d at 419; see also Allie, 978 F.2d at 1403 ("The alien witnesses were given the option of remaining in the United States with a work permit pending trial...."). Such an approach obviates the need for a deposition, limits expenses to the taxpayers, and reduces lengthy detentions of the material witness. Here, the Government has chosen not to make this option available.

At the status conference, the Government argued that a deposition would not adequately secure the testimony of the material witness and that further detention is necessary to prevent a failure of justice in this case. This argument puts the proverbial cart before the horse. The Government cannot know whether a deposition is adequate unless one is taken. Moreover, it ignores the guidance provided by the Fifth Circuit in Aguilar-Ayala.

The material witness deposition could potentially alter the parties' view of this prosecution. He may testify in such a manner that defendant decides not to proceed to trial and instead pleads guilty. Alternatively, when he is under oath, it may become clear that the material witness does not have any information to support the Government's prosecution. If either result

were to happen, then a trial may not be necessary and the material witness may no longer be needed.

During argument, the Government raised as a basis for denying the deposition the fact that the material witness was emotional and prone to crying when discussing the events. The Assistant United States claimed that if the material witness was deposed and then ultimately held to testify at trial that he might change his version of events at trial. It is unclear what the basis is for the Government's belief that the material witness will perjure himself at trial (especially given that he has consistently provided the same version of events), or why that would be a basis for denying a deposition. The Government provides no support for its position that an emotional material witness establishes a "failure of justice." This position is even more troubling where material witness counsel posits (and the Government does not reject) that the witness is emotional based on claims by the investigating agents that he is not fully candid or honest.

The Government raises the Confrontation Clause issue as a basis for denying the deposition. This argument is premature as § 3144 requires the deposition of material witnesses, but does not require they be automatically released after such deposition. See Lai Fa Chen, 214 F.R.D. at 582. The Fifth Circuit has rejected defendant's challenges to their alien smuggling convictions based on Confrontation Clause violations in which material witness depositions were used instead of live testimony. Aguilar-Tamayo, 300 F.3d 562, 564-66; Calderon-Lopez, 268 Fed. Appx. at 288-89.

At the status conference, the Government asserted that the deposition would be expensive, draining its resources. It failed to provide any case law to support the proposition that a material witness deposition should not proceed because of the expense. The

Government's argument ignores the costs to the Government of holding a material witness every day at taxpayer's expense. While the expense of detention is borne by the United States Marshal Service as opposed to the United States Attorney, in cases in which the material witnesses detention is lengthy, the cost to the taxpayers is potentially reduced by the use of depositions. Indeed, the deposition may obviate the need for a trial, which would not only render it unnecessary to continue holding the material witness, but would also save the Government the considerable expense of a trial.

Finally, the Government characterizes that the deposition is discovery that is little more than a fishing expedition. (D.E. 31, at 3). Again, it fails to provide any support for this assertion. Clearly, any deposition is designed to elicit information which in this case may render further detention unnecessary. More important, defendant is not seeking the deposition as evident by the Government's own admission. Id. at 1. Instead, material witness counsel filed the motion on behalf of her client.

## CONCLUSION

The Government has not demonstrated any basis for barring the deposition, including the statutory requirement that it be barred to prevent a failure of justice. Accordingly, the amended motion for a deposition of the material witness, (D.E. 34), is GRANTED. The deposition is set for January 21, 2009 at 2:00 p.m.

ORDERED this 12th day of January 2009.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE